E-FILED
Friday, 05 September, 2025  09:57:06 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DARRIN REDMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-cv-01415-MMM |
| | ) | |
| NURSE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se, alleges Defendants violated his constitutional rights during his imprisonment at Pontiac Correctional Center throughout 2022 and 2023. The case is now before the Court for a merit review of Plaintiff's Complaint (Doc. 1).

A. Merit Review Order

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff name as Defendants warden Mindi Nurse, Dr. Paul, Dr. Kray, Major Shelton, Lt. Torres, Lt. Gish, and C.O. Mary Cerda.

Plaintiff alleges many issues against many Defendants.

One group of allegations relates to failure to protect, alleging that Plaintiff was transferred away from Pontiac, then transferred back, and was attacked, then transferred to Dixon, and is now at Lawrence.

Another group of allegations appears to relate to excessive use of force by prison guards against him as Plaintiff was involved in fighting other inmates, who were attacking him.

Another set of allegations relates to a term of disciplinary segregation, later expunged, that Plaintiff asserts was imposed in violation of his due process rights.

Finally Plaintiff repeatedly mentions "retaliation," and refers to another pending suit he has here related to earlier allegations of failure to protect.

"Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules ... is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Here, the Court finds that Plaintiff's allegations are too vague and devoid of sufficient context and detail to place any Defendant on notice of any specific claim. Plaintiff's Complaint will be dismissed with leave to amend.

If Plaintiff elects to file an Amended Complaint, he must clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Regarding failure to protect, Plaintiff must allege specifics as to how any given Defendant knew Plaintiff was at danger from a known specific threat, because generalized risks of violence in prison are unfortunately high and more is needed to show a given Defendant disregarded a specific threat of harm from a known source.

B. Severance of Claims

"A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ...." *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but

a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Finally, even claims that are properly joined may be severed in an exercise of the Court's discretion, where doing so would be in the interests of justice and would promote the efficient and effective resolution of all claims.

Here, the two-year statute of limitations may have run on certain of Plaintiff's claims. If Plaintiff elects to file an Amended Complaint, and if Plaintiff's Amended Complaint contains unrelated claims based on the legal standards discussed above, the Court will assess if claims should be severed, and will provide Plaintiff notice of its intent to sever claims before doing so. If the action is severed into multiple cases Plaintiff will incur a separate filing fee for each such case.

C. <u>Motion to Request Counsel</u>

Plaintiff's Motion to Request Counsel (Doc. 4) is before the Court. There is no indication Plaintiff made any attempt to find a lawyer on his own, or was prevented from doing so, before seeking Court assistance. He must do so. This is normally accomplished by contacting several civil rights attorneys regarding his specific allegations in this specific case and requesting their representation, and providing the Court with copies of such letters, as well as any responses received, in support of any future request for Court assistance in finding a volunteer lawyer.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion to Request Counsel [4] is DENIED.**

2. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. Plaintiff's Complaint [1] is DISMISSED without prejudice.**

3. **The Court will allow Plaintiff the opportunity to file an Amended Complaint clarifying his claims, within 21 days of this Order. Failure to file an Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.**

Entered this 5th day of September, 2025.

<i>s/Michael M. Mihm</i>

MICHAEL M. MIHM<br>
UNITED STATES DISTRICT JUDGE